IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holloway, Jr., ) | C/A No. 8:15-4460-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Judge Belinda Johnson and Magistrate Court;) | |
| Public Defender Elizabeth Able and Office;) | |
| Solicitor Black and Solicitor Office; Judge Patrick) | |
| M. Duffy; SLED; Capt. Mike Prodan; Chief Kneel) | |
| ) | |
| Defendants. ) | |
| _____) | |

Robert Holloway, Jr. ("Plaintiff"), proceeding pro se, brings this civil action apparently pursuant to 42 U.S.C. § 1983. Plaintiff is detained in the Greenwood County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges that each of the Defendants "know the threat and security risk and safety risk that they have placed [Plaintiff] in. With their lies and ruling under false pretense. . . . [Defendants were] directed not to give the State of South Carolina [Plaintiff's] issuance and service of process. But these people of the State of South Carolina and employees [] has continued to be allowed to use [Plaintiff's] issu[]ance and service process and use them against me." [Doc. 1 at 3.] He also alleges he was denied due process when his preliminary hearing was waived without his consent. [*Id.*] Plaintiff contends that he has continued to write and call Defendants "about the terrorist org. that is running around here and have killed my family off along with others. I repeatedly ask for DNA blood test. . . . They continue to lie to me cover up the real facts that this is a major emergency when you

have people killing off people and entering their house under false pretense. Looking like their mother, father, brother, sister, etc. But is not. This should have been turned over to Homeland Security [and] National Security by these people. But was not. Instead was hidden and covered up. [] Judge Patrick M. Duffy covered up the facts of C/A 2:00-cv-02112-PMD. And the facts are [Plaintiff] was awarded a settlement." [Doc. 1 at 4.]

Plaintiff alleges that Defendants deserve capital punishment. [Doc. 1 at 5.] He contends that by locking him up when he spoke out about these issues, Defendants violated his rights to freedom of speech, freedom of the press, and freedom of religion. [*Id.*] For his relief, he seeks damages, immediate release from the detention center, and the pending criminal charges dropped. [*Id.*] Further, he requests Defendant be charged with violating laws and aiding a terrorist organization. [Doc. 1 at 6.]

This Court takes judicial notice that Plaintiff filed a prior civil action in this Court alleging similar facts and requesting similar relief, although he named different Defendants.[1] *See* Report and Recommendation, *Holloway v. Smith*, C/A No. 8:15-4258-MGL-JDA (D.S.C. Nov. 17, 2015), ECF No. 9. In that prior case, Plaintiff alleged similar facts related to a terrorist organization; sought DNA tests; contended his settlement is still pending with respect to C/A No. 2:00-2112-PMD; and that someone wrongfully is using Robert Holloway, Jr., service of process. *Id.* Plaintiff sought damages; immediate release from jail; the criminal charges against him be dropped; Defendants be fired from employment; and

---

[1] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

Defendants be charged with interfering with a federal investigation. *Id.* This Court ruled that the action was frivolous, dismissed it with prejudice and without service of process, and deemed it a "strike" pursuant to 28 U.S.C. § 1915(g). *See* Order, *Id.* (D.S.C. Dec. 3, 2015), ECF No. 15.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal

construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint should be dismissed based on frivolousness. Several of Plaintiff's factual allegations are fantastic, fanciful, and delusional, including: (1) members of a terrorist organization are impersonating his family members; and (2) Plaintiff's settlement is still pending with respect to C/A No. 2:00-2112-PMD. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional).

4

And, as noted above, this Court has found that Plaintiff's similar claims in prior lawsuits had no arguable basis in law. Thus, this action is also frivolous because it raises legally insufficient claims that Plaintiff already unsuccessfully attempted to raise. *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact). Therefore, because Plaintiff filed this action pursuant to the *in forma pauperis* statute, this Court should dismiss it based on frivolousness.

Moreover, as already ruled in *Holloway v. Smith*, C/A No. 8:15-4258-MGL-JDA (D.S.C.), release from a detention center is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Further, it is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness. *See McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009). **Plaintiff's attention is directed to the important notice on the next page.**

December 8, 2015                     s/Jacquelyn D. Austin
Greenville, South Carolina           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).